IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVIN L. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 10-497-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

Melvin L. Williams. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May 14, 2013
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Melvin L. Williams ("Williams"). (D.I. 2) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. PROCEDURAL BACKGROUND

In August 2004, Williams was indicted and charged with first degree murder and related weapons offenses; these charges stemmed from the death of a man who was shot in the head four times at close range. (D.I. 17 at 1-5) A six-day jury trial commenced on May 31, 2004 in the Delaware Superior Court, but ended with a mistrial on June 7, 2004 because the jury could not reach a verdict on any of the charges. *Id.* at 1.

A second trial took place in July 2006, with new counsel representing Williams. *Id.* The jury found Williams guilty on all the charges: first degree murder, possession of a firearm during the commission of a felony ("PFDCF"), and possession of a deadly weapon by a person prohibited ("PDWBPP"). In September 2006, the Superior Court sentenced Williams to life imprisonment for the murder conviction; fifteen years of incarceration (three mandatory) for the PFDCF conviction; and eight years of incarceration (three mandatory) suspended after three years for probation for the PDWBPP conviction. *Id.* Williams appealed, and the Delaware Supreme Court affirmed his convictions and sentences on March 28, 2007. *Williams v. State*, 922 A.2d 416 (Table), 2007 WL 914579 (Del. Mar. 28, 2007).

On March 25, 2008, while represented by counsel, Williams filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"), alleging

1

ineffective assistance of counsel. (D.I. 17 at 2) The Superior Court denied the motion in May 2009, and the Delaware Supreme Court affirmed that decision on December 2, 2009. *See State v. Williams*, 2009 WL 6529205, at *4 (Del. Super. Ct. May 28, 2009); *Williams v. State*, 985 A.2d 391 (Table), 2009 WL 4351700 (Del. Dec. 2, 2009).

## II. DISCUSSION

Williams' habeas petition asserts the following three grounds for relief: (1) he is "actually innocent" because the State did not have sufficient evidence to convict him; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. (D.I. 2) The State filed an answer, arguing that the petition should be dismissed as time-barred. (D.I. 17) Alternatively, the State contends that the claims should be denied as meritless under § 2254(d).

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Williams' petition, filed in June 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Williams does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Williams' convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Williams' convictions and sentences on March 28, 2007, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, his convictions became final for the purposes of § 2244(d)(1) on June 26, 2007. Accordingly, to comply with the one-year limitations period, Williams had to file his § 2254 petition by June 26, 2008. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Williams, however, did not file his habeas petition until June 3, 2010, two full years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court

3

will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Williams filed his Rule 61 motion on March 25, 2008, after 272 days of the limitations period had already expired. The Rule 61 motion tolled the limitations period throughout the pendency of the proceeding, until the Delaware Supreme Court affirmed the Superior Court's denial of the motion on December 2, 2009. The limitations clock started to run again on December 3, 2009, and continued to run the remaining ninety-three days without interruption until the limitations period expired on March 8, 2010.[1] Therefore, even with statutory tolling, the petition was filed more than two months too late. Accordingly, the petition must be dismissed as time-barred unless equitable tolling is available.

**C. Equitable Tolling**

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616,

---

[1] The limitations period expired on March 6, 2010, which was a Saturday. Therefore, the limitations period extended through Monday, March 8, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C).

618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Williams alleges that his untimely filing should be excused because the attorney who represented him during his state collateral proceeding erroneously informed him that a federal habeas petition had to be filed by June 20, 2010. (D.I. 20) This argument, however, is unavailing; as explicitly articulated by the Supreme Court, "a garden variety claim of excusable neglect, such as simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 130 S.Ct. at 2564. Moreover, to the extent Williams' untimely filing was due to his own miscalculation of the one-year filing period, that mistake also does not warrant equitable tolling. *See Jones*, 195 F.3d at 160; *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the court will dismiss the petition as time-barred.[2]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A

---

[2]Having determined that the petition is time-barred, the court need not address the State's alternative reason for denying the petition.

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Williams' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2)

An appropriate order will be entered.